IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STANLEY RECTOR, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-19-538-SMY |
| | ) |
| JAMES W. CAMPANELLA, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Stanley Rector, Jr., a former detainee at Perry County Jail, brings this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 for alleged deprivations of his state constitutional rights. (Doc. 1). In the Complaint, Plaintiff alleges that Defendant Campanella, a Perry County judge presiding over his case, made two incorrect statements in open court regarding Plaintiff being wanted in Jackson County. (*Id.*, p. 6). Plaintiff seeks money damages and dismissal of any "open cases" in Perry or Jackson Counties. (*Id.*, p. 7).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A. Section 1915A requires the Court to screen prisoner complaints and filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). The factual allegations of the *pro se* Complaint are liberally construed at this stage. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

The Complaint does not survive screening under this standard. Plaintiff asserts that during a hearing in open court, Judge Campanella stated that Plaintiff had "been on the run from Jackson

1

County for 2 months" and had two pending felony cases there. (Doc. 1, p. 6). Plaintiff claims these statements were false and that the judge "defamed and slandered" him. (*Id.*). Plaintiff's claims are frivolous and asserted against a defendant who is immune from suit.

Defamation by a state actor "is not actionable under a constitutional tort theory." *Hernandez v. Joliet Police Dep't*, 197 F.3d 256, 262 (7th Cir. 1999) (citing *Paul v. Davis*, 424 U.S. 693 (1976)). Moreover, judges being sued solely for judicial acts are protected by absolute judicial immunity. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Forrester v. White*, 484 U.S. 219, 225-29 (1988); *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001); *Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir.), *cert. denied*, 493 U.S. 956 (1989). Under § 1915A, a claim against a defendant who is immune from liability for money damages must be dismissed. Therefore, Count 1 will be dismissed with prejudice.

The defects in Plaintiff's claim cannot be cured by permitting him to amend his Complaint. Leave to amend need not be granted before dismissal of the suit, where such amendment would be futile. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013); *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994). Accordingly, the entire action shall be dismissed with prejudice pursuant to § 1915A.

### Disposition

**IT IS ORDERED** that the **COMPLAINT** (Doc. 1) is **DISMISSED** with prejudice for failure to state a claim for relief against the defendant.

**This dismissal SHALL count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).**

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. See 28 U.S.C. § 1915(b)(1); *Lucien*

*v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk's Office is **DIRECTED** to close this case and enter judgment.

**DATED: February 6, 2020**

/s/ Staci M. Yandle
**STACI M. YANDLE**
**U.S. District Judge**